# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER E. GILSON**                             **CIVIL ACTION**

**versus**                                            **NO. 08-4833**

**JAMES LEBLANC, SECRETARY,**                         **SECTION: "J" (3)**
**LA. DEPT. OF CORRECTIONS**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Christopher E. Gilson, is a state prisoner incarcerated at the Concordia Parish Correctional Facility, Ferriday, Louisiana. On January 8, 2007, he pleaded guilty to two counts of fourth-offense driving while intoxicated ("DWI") and was sentenced on each count to a concurrent sentence of ten years imprisonment without benefit of parole.[1] On December 21, 2007,

---

[1] State Rec. Vol. II of II, transcript of January 8, 2007, pp. 220-23 and 252. Petitioner entered his pleas pursuant to State v. Crosby, 338 So.2d 584 (La. 1976), which reserved his right to appeal

the Louisiana First Circuit Court of Appeal affirmed those convictions and sentences.[2] The Louisiana Supreme Court then denied petitioner's related writ application on September 26, 2008.[3]

On November 6, 2008, petitioner filed this federal application for *habeas corpus* relief. In support of his application, he claims:

1. Louisiana's DWI statute is unconstitutional because it allows for a felony sentence to be based on prior misdemeanor convictions obtained without a right to trial by jury; and

2. Petitioner's sentences are illegal.[4]

The state concedes that the application is timely filed and that those two claims are exhausted.[5]

Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under

---

certain pretrial rulings.

[2] State v. Gilson, No. 2007 KA 1165, 2007 WL 4480643 (La. App. 1st Cir. Dec. 21, 2007); State Rec., Vol. III of III.

[3] State v. Gilson, 992 So.2d 983 (La. 2008) (No. 2008-K-0440); State Rec., Vol. III of III.

[4] Petitioner originally asserted a third claim; however, after the state argued in its response that the third claim was unexhausted, he withdraw that claim. Rec. Doc. 15, p. 11.

[5] Rec. Doc. 10, pp. 3-4.

§ 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams[ v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1); Hill, 210 F.3d at 485.

### Claim One

Petitioner states his first claim as follows:

> Louisiana's DWI statute violates the Due Process Clause of the Fifth and Fourteenth Amendment and the jury trial guarantees of the Sixth

– 3 –

> Amendment because it grounds a felony sentence on prior non-jury
> DWI misdemeanors (petty offenses). Petitioner's sentence as a
> felony subsequent fourth offender was predicated on his previous
> DWI convictions, which are misdemeanor convictions resulting from
> prosecutions that did not provide the right to a jury.[6]

The state courts rejected this claim both when asserted in a pretrial motion to quash[7] and on direct appeal.[8]

In support of his claim, petitioner cites <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). In <u>Apprendi</u>, the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Id</u>. at 490.

<u>Apprendi</u> does not support petitioner's claim for two reasons.

First, as noted, the <u>Apprendi</u> Court expressly excepted the fact of prior convictions from the general rule a jury must determine all facts used to enhance a penalty beyond the statutory maximum. Therefore, <u>Apprendi</u> would not require that Louisiana have the fact of a recidivist DWI offender's prior convictions submitted to a jury for determination.

Second, in any event, Louisiana has nevertheless made that issue one for the jury with respect to fourth-offense DWI charges. Although the *constitutionality* of the prior convictions is an issue for the judge, that does not "remove the burden from the State to prove the existence of the

---

[6] Rec. Doc. 1, p. 5.

[7] Reasons for Judgment dated November 22, 2005; <u>State v. Gilson</u>, No. 2005 KW 2673 (La. App. 1st Cir. Apr. 6, 2006) (unpublished); State Rec., Vol. I of III.

[8] <u>State v. Gilson</u>, No. 2007 KA 1165, 2007 WL 4480643 (La. App. 1st Cir. Dec. 21, 2007), <u>writ denied</u>, 992 So.2d 983 (La. 2008); State Rec., Vol. III of III.

conviction at trial. The State retains the burden at trial to prove the existence of the prior convictions and the defendant's identity as the prior offender." State v. Carlos, 738 So.2d 556, 558-59 (La. 1999). Because defendants, such as petitioner, who are charged with fourth-offense DWI are entitled to trial by jury, the existence of the prior convictions are therefore issues for the jury.[9]

However, it appears that petitioner's actual concern is not the fact of his recidivism, which he does not in actuality contest, but rather the fact that he was found to be a fourth offender based in part on a prior misdemeanor DWI offense which was not triable by a jury.[10] He opines that because he was not entitled to a jury trial on that predicate conviction, Apprendi prohibits the fact of its existence from being used as basis to convict him as a fourth offender with an enhanced penalty. However, Apprendi did not address that issue and, therefore, is inapplicable in the instant case.

In support of his claim, petitioner also cites State v. Brown, 879 So.2d 1276 (La. 2004). In Brown, the Louisiana Supreme Court held that adjudications of delinquency in juvenile proceedings may not be used to enhance a defendant's sentence under Louisiana's Habitual Offender Law, La.Rev.Stat.Ann. § 15:529.1. In so holding, the Louisiana Supreme Court noted that "[a] juvenile adjudication is not a conviction of any crime" and that the civil juvenile proceedings do not

---

[9] A defendant may of course plead guilty to the recidivist offense thereby waiving his right to have that issue determined by a jury. That is in fact what petitioner elected to do in this case.

[10] First-offense and second-offense DWI charges are misdemeanors not triable by a jury. See La.Rev.Stat.Ann. § 14:98(B)(1) and (C)(1); La.C.Cr.P. art. 779. In this case, petitioner's fourth-offense DWI charges were based in part on his conviction for second-offense DWI.

afford "crucial procedural protections – particularly fair notice, the right to jury trial and proof beyond a reasonable doubt."  Brown, 879 So. 2d at 1289-90.

Petitioner's reliance on Brown is misplaced for two reasons.

First, petitioner's prior misdemeanor DWI conviction was not the equivalent of the *civil* juvenile adjudications considered in Brown.  It was in fact a *criminal conviction*.

Second, in any event, federal *habeas corpus* relief may granted only where the state court's denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*."  28 U.S.C. § 2254(d)(1) (emphasis added).  Even if the state court rulings in petitioner's case ran afoul of Brown, that fact would not warrant *habeas* relief because Brown is not a decision of the United States Supreme Court.

In this case, petitioner does not identify a United States Supreme Court ruling which squarely addresses the issue he now presents,[11] and this Court is aware of no such ruling.  Where the jurisprudence of the United States Supreme Court "give[s] no clear answer to the question presented, let alone one in [petitioner's] favor," it cannot be said that a state court's ruling impermissibly ran afoul of "clearly established Federal law" for purposes of § 2254(d)(1).  Wright v. Van Patten, 128 S.Ct. 743, 747 (2008).  Accordingly, pursuant to the AEDPA's deferential standard, petitioner's claim must be rejected.

---

[11] On the contrary, petitioner acknowledges that "the Supreme Court has not explicitly answered this question to date ...."  Rec. Doc. 15, p. 4.

Claim Two

Petitioner states his second claim as follows:

The two 10 year sentences violated Louisiana's DWI law and the Due Process Clause of the Fifth Amendment because the DWI statute requires a suspended sentence and mandated treatment for a third offender as well as a second suspended sentence and mandated treatment for a subsequent fourth offense, these two suspended sentences cannot be merged together. Petitioner only received the benefit of a suspended sentence one time before receiving the two 10 year sentences as a fourth offender. He did not receive the mandated treatment as either a third or fourth offender as others did who were similarly situated, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.[12]

On direct appeal, the Louisiana First Circuit Court of Appeal rejected petitioner's claim based on prior state jurisprudence:

> In State v. Corbitt, 04-2663 (La. App. 1 Cir. 6/10/05), 917 So.2d 29, writ denied, 05-1656 (La. 2/3/06), 922 So.2d 1174, this court held that the defendant's sentence for fourth offense DWI, of ten years imprisonment without the benefit of parole, probation, or suspension of sentence, was not illegal. In Corbitt, the defendant contended that the sentence imposed was illegal because he had not received a substance abuse evaluation, treatment for substance abuse at an inpatient facility, or the benefits of home incarceration prior to his sentencing. He argued that he should have been sentenced under LSA-R.S. 14:98E(l)(a), rather than E(4)(a). Trial of the offense was held on June 23, 2004. The defense indicated that on June 17, 2004, the defendant had pled guilty to DWI, third offense, and the district court had imposed a partly suspended sentence, home incarceration, a $2,000.00 fine, thirty days in parish jail, and four to six weeks of rehabilitation. The defense argued that LSA-R.S. 14:98E(4)(a) was limited in application to those circumstances where, unlike the defendant's situation, a defendant is given the benefit of treatment and then commits a subsequent DWI offense. The district court rejected the defense argument and sentenced the defendant under

---

[12] Rec. Doc. 1, p. 7.

> subsection E(4)(a). This court held that the district court correctly rejected the defense argument, stating that by its express terms, LSA-R.S. 14:98E(4)(a) is triggered when the offender has previously been ordered to participate in substance abuse treatment and home incarceration. Corbitt, 917 So.2d at 32. This court rejected the defendant's argument that the treatment had to be completed before he could be sentenced for a new DWI under subsection E(4)(a). Id. This court stated that the purpose of the statute was to allow the defendant only one opportunity for a lenient sentence in exchange for obtaining treatment. Corbitt, 917 So.2d at 33. The defendant in Corbitt was provided his opportunity for a lenient sentence on June 17, 2004, in connection with his guilty plea to DWI, third offense. That opportunity precluded sentencing under subsection E(l)(a) for his most recent offense.
>
> In the instant case, the defendant was previously required to participate in substance abuse treatment and home incarceration pursuant to subsection D of LSA-R.S. 14:98, as a third offender, and under subsection E, as a fourth offender. The fact that the defendant received these benefits concurrently with other DWI convictions does not negate that fact. This court's holding in Corbitt is based on the plain and unambiguous language of LSA-R.S. 14:98E(4)(a). Thus, we find that the district court did not err in sentencing the defendant as a second fourth offender pursuant to LSA-R.S. 14:98E(4)(b).[13]

The Louisiana Supreme Court then denied petitioner's related writ application challenging that ruling.[14]

In his opposition to the state's response, petitioner argues that "the Corbitt dicta, adopted as gospel in the instant case," is "simply wrong."[15] That issue of state law is not for this Court to decide. "'[I]t is not the province of a federal *habeas* court to reexamine state-court

---

[13] State v. Gilson, No. 2007 KA 1165, 2007 WL 4480643, at *3-4 (La. App. 1st Cir. Dec. 21, 2007); State Rec., Vol. III of III.

[14] State v. Gilson, 992 So.2d 983 (La. 2008) (No. 2008-K-0440); State Rec., Vol. III of III.

[15] Rec. Doc. 15, p. 10.

determinations on state-law questions.'" Trevino v. Johnson, 168 F.3d 173, 184 (5th Cir. 1999) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)); Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. We do not sit as a 'super' state supreme court in such a proceeding to review errors under state law.") (internal citation and quotation marks omitted). Therefore, even if the state courts in fact misapplied state law, that would be of no moment in this proceeding. Federal *habeas corpus* relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice. 28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983).

To the extent that petitioner is claiming that his sentences constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, that claim has no merit. In Solem v. Helm, 463 U.S. 277, 284 (1983), the Supreme Court held that the Eighth Amendment "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." "This constitutional principle is tempered, however, by the corollary proposition that the determination of prison sentences is a legislative prerogative that is primarily within the province of legislatures, not courts." United States v. Gonzales, 121 F.3d 928, 942 (5th Cir. 1997) (citing Rummel v. Estelle, 445 U.S. 263, 274-76 (1980)). "[C]ourts must grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." Gonzales, 121 F.3d at 942 (quotation marks omitted). "[T]herefore, it is firmly established that successful challenges to the proportionality of punishments should be exceedingly rare." Id. (quotation marks omitted).

Interpreting Solem in light of intervening precedent, the United States Fifth Circuit Court of Appeals has set forth the framework to be used when analyzing a claim that a sentence is excessive:

> [W]e will initially make a threshold comparison of the gravity of [petitioner's] offenses against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then ... compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992). Moreover, when evaluating the excessiveness of a sentence imposed under a habitual offender statute, a court must be mindful that the "sentence is imposed to reflect the seriousness of [petitioner's] most recent offense, not as it stands alone, but in the light of his prior offenses." Id.

The Fifth Circuit has noted that Rummel v. Estelle, 445 U.S. 263 (1980), "establishes a benchmark for disproportionate punishment under the Eighth Amendment." Gonzales, 121 F.3d at 943. In Rummel, the Supreme Court upheld a petitioner's sentence to life imprisonment for obtaining $120.75 under false pretenses. The sentence was imposed under a Texas recidivist statute and took into account petitioner's prior convictions for fraudulent use of a credit card and passing a forged check. The Fifth Circuit observed:

> We acknowledge that the distinction between constitutional sentences and grossly disproportionate punishments is an inherently subjective judgment, defying bright lines and neutral principles of law. Nevertheless, we can say with certainty that the life sentence approved in Rummel falls on the constitutional side of the line, thereby providing a litmus test for claims of disproportionate punishment in violation of the Eighth Amendment.

Gonzales, 121 F.3d at 943 (footnote omitted).

In the instant case, petitioner was convicted of two counts of fourth-offense DWI, a grave charge which carried a maximum sentence of thirty years imprisonment. La.Rev.Stat.Ann. § 14:98(E)(1)(a). Nevertheless, he was sentenced on each count to a concurrent sentence of only ten years imprisonment without benefit of parole.[16] If a *life* sentence was not excessive when imposed for the relatively minor, nonviolent offenses involved in Rummel, this Court has no hesitation in concluding that the concurrent ten-year sentences here are not grossly disproportionate in light of petitioner's considerably more serious current and predicate DWI offenses and his much more extensive criminal history.[17] In that the sentences are not grossly disproportionate, this Court's "inquiry is finished." Gonzales, 121 F.3d at 942. Because petitioner's sentences are not so excessive as to violate the United States Constitution, his Eighth Amendment claim fails.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Christopher E. Gilson be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[16] Interestingly, this Court notes that those sentences were illegally lenient under state law because the trial court ordered that they be served concurrently with his prior sentence for third-offense DWI. State v. Gilson, No. 2007 KA 1165, 2007 WL 4480643, at *4 n.1 (La. App. 1st Cir. Dec. 21, 2007); State Rec., Vol. III of III.

[17] Petitioner has *five* prior DWI convictions: one first offense, one second offense, one third offense, and two fourth offenses. Gilson, 2007 WL 4480643, at *1 & n.1; State Rec., Vol. III of III. Therefore, although charged as fourth offenses, the instant convictions were actually his sixth and seventh DWI convictions.

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twelfth day of June, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**